# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| JOHN FRANCIS CREWS and TASSIE KAY CREWS, | |
| Plaintiffs, | No. **08-CV-113-LRR** |
| vs. | |
| SARA LEE CORPORATION; SARA LEE CORPORATION ERISA APPEALS COMMITTEE; SARA LEE CORPORATION EMPLOYEE HEALTH BENEFIT PLAN; and GREAT-WEST HEALTHCARE, INC., | **ORDER** |
| Defendants. | |

_____

Defendants' Motion to Dismiss (docket no. 18) is **GRANTED**. In their Resistance (docket no. 20), Plaintiffs fail to discuss or cite any legal authority to shed doubt on Defendants' well-briefed argument that Count I of the Amended Complaint (docket no. 16) is completely preempted, pursuant to 29 U.S.C. § 1132(a)(1)(B). Accordingly, Count I is **DISMISSED WITH PREJUDICE**. *See, e.g., United States v. Mendoza-Gonzalez*, 520 F.3d 912, 918 n.4 (8th Cir. 2008) (finding failure to cite legal authority was grounds for waiver of argument); *Bad Ass Coffee Co. of Hi. v. Bad Ass Coffee Ltd. P'ship*, 25 F. App'x 738, 744 (10th Cir. 2001) (citing *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970)) ("[C]itation of but one authority, and that of no pertinence, suggests either that there is no authority to sustain its position or that it expects the court to do its research.")). In any event, the court holds ERISA completely preempts Iowa Code § 514C.1 (2007). Plaintiffs' claims under § 514C.1 clearly "relate to" an ERISA plan insofar as they are premised upon such plan's existence. *See, e.g., Estes v. Fed. Express Corp.*, 417 F.3d 870, 872 (8th Cir. 2005).

This case shall proceed under Local Rule 16.i in the normal course. The parties shall submit a new proposed scheduling order to the court **on or before April 8, 2009**. Plaintiffs' jury demand in the Amended Complaint (docket no. 16) is **STRICKEN** and the case is **REMOVED** from the court's trial calendar. The previously filed Scheduling Order and Discovery Plan (docket no. 25) and Trial Management Order (docket no. 26) are **VACATED**. "There is no right to a jury trial under ERISA." *Langlie v. Onan Corp.*, 192 F.3d 1137, 1141 (8th Cir. 1999).

**IT IS SO ORDERED.**

**DATED** this 31st day of March, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA