**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

JOHN FRANCIS CREWS and TASSIE KAY CREWS,

    Plaintiffs,

vs.

SARA LEE CORPORATION, SARA LEE CORPORATION ERISA APPEALS COMMITTEE, SARA LEE CORPORATION EMPLOYEE HEALTH BENEFIT PLAN and GREAT-WEST HEALTHCARE, INC.,

    Defendants.

No. 08-CV-113-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

II.   RELEVANT PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . *2*

III.  SUBJECT MATTER JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . *3*

IV.  RELEVANT FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . *3*
    A.   *Players* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    B.   *Plan* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    C.   *Enrollment of a Child in the Plan* . . . . . . . . . . . . . . . . . . . *4*
    D.   *Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        1.   *General information* . . . . . . . . . . . . . . . . . . . . . . . . *5*
        2.   *Information about enrollment of dependents* . . . . . . . . . . . . *6*
    E.   *Local Plan 18a* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
    F.   *Birth of W.C.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
    G.   *Tassie's Communications with Great-West and Paradigm* . . . . . . . . *9*
    H.   *Plaintiffs' Communications with Sara Lee H.R. and Sara Lee Benefits Center* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
    I.   *Plaintiffs Appeal to the Sara Lee Benefits Center* . . . . . . . . . . *10*
    J.   *Plaintiffs Appeal to the Sara Lee ERISA Committee.* . . . . . . . . . . *10*

| | | |
|---|---|---|
| *V.* | *STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11* |
| *VI.* | *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12* |
| | A. *Whether Denial of Benefits was Consistent with Goals of the Plan.* . . *12* |
| | B. *Substantial Evidence for ERISA Committee's Decision.* . . . . . . . . . . . *13* |
| | C. *Conflict of Interest Between Sara Lee and ERISA Committee.* . . . . . . . *15* |
| | D. *Compliance with ERISA Disclosure Requirements.* . . . . . . . . . . . . . . . *16* |
| | E. *Whether Sara Lee and Great-West are Proper Parties* . . . . . . . . . . *17* |
| | F. *Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *17* |
| *VII.* | *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *18* |

## I. INTRODUCTION

The matter before the court is the Amended Complaint (docket no. 16) filed by Plaintiffs John Francis Crews and Tassie Kay Crews.

## II. RELEVANT PROCEDURAL BACKGROUND

On August 13, 2008, Plaintiffs filed a "Petition and Jury Demand" ("Complaint") (docket no. 5) in the Iowa District Court for Dubuque County, case no. 1311LACV55637. On September 15, 2008, Defendants Sara Lee Corporation ("Sara Lee"), Sara Lee Corporation ERISA Appeals Committee ("ERISA Committee"), Sara Lee Corporation Employee Health Benefits Plan (the "Plan") and Great-West Healthcare, Inc. ("Great-West") removed the instant action to this court. On November 21, 2008, Plaintiffs filed the two-count Amended Complaint.

In Count I, Plaintiffs alleged a violation of Iowa Code § 514C.1, which governs certain health insurance policies for newborns. In Count II, Plaintiffs seek to recover benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). On December 9, 2008, Defendants filed a Motion to Dismiss Count I of the Amended Complaint ("Motion") (docket no. 18) and an Answer (docket no. 19) to Count II. On March 31, 2009, the court granted the Motion and dismissed Count I. Order (docket no. 27).

On September 21, 2009, Plaintiffs filed their Opening Merits Brief ("Opening Br.")

2

(docket no. 39). On October 21, 2009, Defendants filed their Merits Brief ("Defendants' Br.") (docket no. 42). On November 4, 2009, Plaintiffs filed a Reply (docket no. 43).

## III. SUBJECT MATTER JURISDICTION

The court has federal question jurisdiction over the instant action. "[T]he district courts of the United States shall have exclusive jurisdiction of civil actions under [ERISA] brought by the Secretary or by a participant, beneficiary, [or] fiduciary" of an ERISA plan. 29 U.S.C. § 1132(e)(1).

## IV. RELEVANT FACTUAL BACKGROUND

### A. Players

John Francis Crews ("John") and Tassie Kay Crews ("Tassie") are married and reside in Dubuque, Iowa. At all times relevant to the instant action, John was employed by Sara Lee. On June 5, 2007, Tassie gave birth to Plaintiffs' minor son, W.C.

Sara Lee has a human resources department ("Sara Lee H.R."), which handles Sara Lee's personnel issues. Sara Lee also has a Benefits Center ("Sara Lee Benefits Center"), which determines eligibility and enrollment in the Plan. The Plan provides health insurance and other benefits to certain Sara Lee employees and their families or households. The ERISA Committee rules on appeals filed by Sara Lee employees concerning the denial of benefits under the Plan. Great-West manages claims made under the Plan. Great-West contracts with Paradigm Health Services ("Paradigm"), which is not a party, for the purposes of administering claims under the Plan.

### B. Plan

At all times relevant to the instant action, Plaintiffs were enrolled in the Plan. The Plan's goal is to provide "medical, dental, prescription drug, vision and other medical expense and health care benefits for eligible Employees of [Sara Lee] . . . and their eligible Dependents." Administrative Record ("AR") (docket no. 38), at 29. A "Dependent" is defined as "[t]he spouse of a Covered Employee, from whom the Employee is not legally

3

separated or divorced" and "[t]he unmarried Child[ren] of a Covered Employee . . . while such Child[ren] [are] under 19 years of age[.]" *Id.* at 86.

The Plan is administered by the Sara Lee Corporation Employee Benefits Administrative Committee ("Administrative Committee"). The Administrative Committee has discretionary authority to:

> construe and interpret the provisions of the Plan and make factual determinations thereunder, including the power to determine the rights or eligibility of Employees or any other persons, and the amounts of their benefits under the Plan, and to remedy ambiguities, inconsistencies or omissions. All such determinations shall be binding on all parties.

*Id.* at 32.

The section entitled "Dependent Eligibility and Coverage," states, in relevant part:

> Eligibility. A Dependent shall become eligible to be covered by the Plan on the later of the date the Employee becomes a Covered Employee or the date the Covered Employee acquires the Dependent . . . . An Employer may require a Covered Employee to provide proof that an individual qualifies as the Employee's Dependent.
>
> Coverage. A Covered Employee may elect to cover his [or her] Dependents under the Plan by enrolling such Dependents in the Plan in accordance with the applicable enrollment procedures of, and within the time period specified by, his Employer. If the Covered Employee so elects, coverage of the Employee's Dependents shall commence on the date such Dependents became eligible to participate in the Plan[.]

*Id.* at 35. A "Covered Employee" is defined as "an eligible Employee who makes an effective election to participate in the Plan." *Id.* at 85. At all times relevant to the instant action, John was a Covered Employee.

### C. *Enrollment of a Child in the Plan*

The Plan specifies a 31-day deadline for the enrollment of a newborn dependent.

4

Section 3.6 of the Plan, "Special Enrollment," provides:

> [A] Covered Employee may enroll a spouse or Child and an eligible Employee may enroll himself or herself (and his or her spouse or Child) pursuant to this subsection 3.6 if such Employee acquires a new Dependent due to . . . birth . . . . Enrollment pursuant to this subsection 3.6 must be requested by the Employee within 31 days of . . . acquisition of the new Dependent. If timely enrolled, coverage under the Plan shall become effective as of the first day of the calendar month following enrollment except that in the case [of a] birth of a child . . . coverage shall become effective on the date of such birth . . . . If a Covered Employee who is not covered under the Plan pursuant to a collective bargaining agreement requests enrollment of a Dependent more than 31 days but within 60 days of the acquisition of a new Dependent, coverage under the Plan shall become effective on the date the Covered Employee enrolls such Dependent.

*Id.* at 36-37.

### *D. Summary*

Sara Lee also publishes a summary of the Plan ("Summary"), which reviews certain Plan provisions.

#### *1. General information*

The Summary states that "if [the employee] is eligible for the [Plan], so are [the employee's] eligible dependents," including "unmarried children who depend on [the employee] for support, through age 19." *Id.* at 147. The Summary contains a "Determining Payment of Benefits" section, which provides:

> The Plan Administrator has complete discretionary authority to make all determinations under the Plan, including eligibility for benefits and factual determinations, and to interpret the terms and provisions in the Plan. The Plan Administrator has delegated to the Claims Administrator the discretionary authority to make decisions regarding the interpretation or application of Plan provisions, to make determinations (including factual determinations) as to the rights and benefits

5

> of employees and participants under the Plan, to make initial claims determinations under the Plan, and to decide the first level appeal of denied claims and urgent care claims. The Plan Administrator has the discretionary authority to decide the final appeal of any denied claims (other than urgent care claims). Benefits under the Plan will be paid only if the Plan Administrator, or its delegate, decides in its discretion that the claimant is entitled to them. The decision of the Plan Administrator or its delegate, as applicable, is final and binding.

*Id*. at 220. The Summary defines the "Plan Administrator" as the Administrative Committee and lists its contact information. *Id*. at 224. For appeals of denied ERISA claims, the Summary defines the "Plan Administrator" as the ERISA Committee. *Id*. The Summary informs employees that they "may contact the Sara Lee Benefits Center or the Plan Administrator to receive additional information about the Plan." *Id*. Additionally, the Summary lists the phone number for the Sara Lee Benefits Center and directs readers to "address their questions about the Plan" to the "Plan Administrator or the Sara Lee Benefits Center." *Id.* at 136. Later, the Summary lists the Sara Lee Benefits Center's contact information and directs readers to contact the Sara Lee Benefits Center regarding, among other actions, "enroll[ing] or chang[ing] benefits; [or] inquir[ing] about eligibility for . . . dependent coverage." *Id.* at 232.

### 2. *Information about enrollment of dependents*

The Summary also contains question and answer sections related to the enrollment of dependents. One question and answer section provides:

> **Are you having a baby or adopting a child?**
>
> You'll need to add your new baby or child to the Plan and provide any necessary dependent information within 31 days of your baby's birth . . . so he or she will be covered from the baby's date of birth . . . . If you already have family coverage, you must still provide any necessary dependent information within the 31 days to ensure coverage as of the

6

> birth . . . .

*Id*. at 150 (emphasis in original).

The Summary's section entitled "When Coverage Begins" provides:

> **If you request enrollment within 31 days of the qualifying event**—Coverage for a new dependent you acquire through. . . birth . . . will become effective on the date of the . . . birth. . . .
>
> **If you request enrollment more than 31 days, but within 60 days, after the qualifying event**—If you miss the 31-day enrollment period described above, but you enroll your new dependent within 60 days of the qualifying event, coverage for your . . . new dependent acquired through birth . . . will begin on the date you enroll your dependent.
>
> If you miss both of these special dependent enrollment periods, you will have to wait until you have another qualifying family status change or until the next annual enrollment to cover your new dependent(s) under the Plan.

*Id*. at 151 (emphases in original).

The Summary also contains a "Maternity Care" section, which provides:

> The Plan covers a newborn child of a covered employee from birth if you enroll him/her in the Plan through the Sara Lee Benefits Center within 31 days of birth.

*Id*. at 166. Further, the Summary contains a "Special Enrollment Periods" section:

> *Enrolling a New Dependent*
>
> In addition, if you . . . have a new dependent (as a result of birth . . . ), you may be able to enroll yourself and your dependents by requesting enrollment through the Sara Lee Benefits Center within 31 days after the . . . birth . . . .
>
> If you do not enroll yourself (or your dependent) within the 31-day period described above, you generally will not be able to enroll until the next open enrollment period unless you

7

> experience a change in family status and enroll in the Plan in
> a timely manner.

*Id.* at 198 (emphasis in original).

### *E. Local Plan 18a*

Sara Lee Bakery Group Local 36—Dubuque Plan 18a ("Local Plan") is a benefits plan that specifically pertains to the labor union at the Dubuque, Iowa plant, of which John is a member. In its "Introduction" section, the Local Plan states:

> The Plan Administrator has the discretionary authority to control and manage the operation and administration of the Employer's self-funded Plan. The Plan Administrator in his or her discretionary authority, will determine benefit eligibility under such self-funded Plan, construe the terms of the self-funded Plan and resolve any disputes which may arise with regard to the rights of any person under the terms of the self-funded Plan, including but not limited to eligibility for participation and claims for benefits.

*Id.* at 247.

Like the Summary, the Local Plan lists the Administrative Committee as the "Plan Administrator." *Id.* at 278. Unlike the Summary, however, the Local Plan lists "Great-West" as the "Claims Administrator." *Id.* Furthermore, the Local Plan never references the Sara Lee Benefits Center. Rather, the Local Plan directs employees to contact Sara Lee H.R. "or the Plan Administrator" with "any questions about the Plan." *Id.*

### *F. Birth of W.C.*

After Plaintiffs learned they were expecting a child, John contacted Sara Lee H.R. As a result of his conversation with the Sara Lee H.R. staff, John understood that he needed to enroll his child in the Plan after the child's birth. On June 5, 2007, Plaintiffs' son, W.C., was born five weeks premature. Due to his premature birth, W.C. required intensive medical treatment and was hospitalized for thirteen days. Over the course of W.C.'s hospitalization, Plaintiffs accrued approximately $22,973.00 in medical bills.

### G. Tassie's Communications with Great-West and Paradigm

On June 6, 2007, W.C.'s medical provider requested that Great-West pre-approve certain medical treatments because W.C.'s physicians deemed them medically necessary. On June 9, 2007, Great-West approved the request, but qualified that it would pay for the treatment only if W.C. was covered under the Plan. In its "Decision Summary" regarding W.C.'s treatments, Great-West stated:

> This authorization reflects a determination that the services described above are medically necessary. It does not guarantee payment of benefits under your plan. For example, if your coverage is not in effect at the time of service, you may be fully responsible for all charges. Please review the sections on eligibility, benefits and coverage in your plan benefit booklet.

*Id.* at 22.

On July 24, 2007, more than thirty-one days after W.C.'s birth, Great-West began paying W.C.'s medical expenses. On July 27, 2007, Tassie spoke with a Great-West representative who told Tassie that it had paid W.C.'s medical expenses "in error" because W.C. was "not an eligible dependent." *Id.* at 20. On August 14, 2007, Great-West told Tassie that W.C. had "not been added to the [P]lan." *Id.* at 21. That same date, Great-West billed Plaintiffs for the payments it had made for W.C.'s care. On August 21, 2007, a Great-West representative told Tassie that W.C. was "not active on the plan." *Id.*

### H. Plaintiffs' Communications with Sara Lee H.R. and Sara Lee Benefits Center

On August 21, 2007, more than sixty days after W.C.'s birth, John contacted Sara Lee H.R. representative Melissa Schmitt to inquire about Great-West's reimbursement requests for W.C.'s medical care. *Id.* at 6. Ms. Schmitt informed John that "there was nothing she could do" and that the Sara Lee Benefits Center—not Sara Lee H.R.—was the proper department to speak to about W.C.'s situation. *Id.* That same day, Tassie contacted the Sara Lee Benefits Center. *Id.* at 19. This phone call was the first

9

communication between Plaintiffs and the Sara Lee Benefits Center regarding W.C. *Id.* at 6 & 19. The call log reflects that a Sara Lee Benefits Center representative informed Tassie that W.C. could not be added at that time because W.C. was not "listed as an active dependent." *Id.* at 19. On August 21, 2007, a Sara Lee Benefits Center representative told Tassie to appeal to the Sara Lee Benefits Center to request retroactive coverage for W.C. from the date of his birth.

### *I. Plaintiffs Appeal to the Sara Lee Benefits Center*

On August 27, 2007, Plaintiffs appealed the denial of benefits for W.C. to the Sara Lee Benefits Center. Plaintiffs requested that the Sara Lee Benefits Center grant retroactive coverage to W.C. from the date of his birth. On September 17, 2007, the Sara Lee Benefits Center denied the appeal. In its denial, the Sara Lee Benefits Center stated:

> Under the Plan provisions, an employee can add coverage for a new dependent within 31 days of a qualifying event to be effective on the date of the qualifying event.
>
> Your child was born on June 5, 2007 (qualifying event). Your wife called the [Sara Lee] Benefits Center on August 21, 2007 which was after 31 days of the qualifying event. Therefore, your new dependent will not be eligible for benefits until Open Enrollment when you can elect for coverage starting on January 1, 2008.

*Id.* at 17.

### *J. Plaintiffs Appeal to the ERISA Committee*

On January 22, 2008, Plaintiffs appealed to the ERISA Committee. On May 15, 2008, the ERISA Committee denied Plaintiffs' appeal and stated:

> You have presented evidence that your son was born on June 5, 2007. You indicated that you requested enrollment paperwork from your [Sara Lee H.R.] Representative, Melissa Schmitt, prior to the birth, but that because your son was born five weeks early, you had not yet received it. Additionally, you indicated that you were in contact with [Great-West]

> during your son's hospital stay immediately following his birth. Your communication with Great-West served to verify that the services your son received were medically necessary, but Great-West does not determine eligibility for participation in the Plan, nor do they have the authority to enroll new dependents under the Plan. Our records indicate that as a result of these unfortunate circumstances, you did not contact the Sara Lee Benefits Center to enroll your son until August 21, 2007, which was more than 60 days after your son's birth.
>
> * * *
>
> Therefore, although the [ERISA] Committee is sympathetic to your circumstances, [it] has determined that because you did not contact the Benefits Center to enroll your son within the first 60 days after his birth, your son is not eligible for coverage under the Plan as of his date of birth. Consequently, your appeal is denied. . . .

*Id.* at 1.

## V. STANDARD OF REVIEW

The parties agree that the court should review the case for abuse of discretion. The abuse of discretion standard of review is extremely deferential and reflects the "general hesitancy to interfere with the administration of a benefits plan." *Norris v. Citibank, N.A. Disability Plan (501)*, 308 F.3d 880, 883 (8th Cir. 2002) (quoting *Layes v. Mead Corp.*, 132 F.3d 1246, 1250 (8th Cir. 1998)). "Under the abuse of discretion standard, the court must affirm the plan administrator's interpretation of the plan unless it is arbitrary and capricious." *Manning v. Am. Republic Ins. Co.*, 604 F.3d 1030, 1038 (8th Cir. 2010) (citing *Midgett v. Wash. Group Int'l Long Term Disability Plan*, 561 F.3d 887, 896-97 (8th Cir. 2009)).

The required inquiry is "whether the administrator adopted a reasonable interpretation of uncertain terms in the plan, and whether the administrator's decision was supported by substantial evidence." *Hunt v. Metro. Life Ins. Co.*, 425 F.3d 489, 490 (8th

Cir. 2005) (citation and internal quotation marks omitted); *see also Manning*, 604 F.3d at 1038 ("To determine whether a plan administrator's decision was arbitrary and capricious, the court examines whether the decision was reasonable.") (citation and internal quotation marks omitted). The court "'must affirm if a reasonable person *could* have reached a similar decision . . . not that a reasonable person *would* have reached that decision.'" *Wise v. Kind & Knox Gelatin, Inc.*, 429 F.3d 1188, 1190 (8th Cir. 2005) (quoting *Ferrari v. Teachers Ins. & Annuity Ass'n*, 278 F.3d 801, 807 (8th Cir. 2002)) (emphasis in *Ferrari*). "A reasonable decision is one based on substantial evidence that was actually before the plan administrator." *Smith v. UNUM Life Ins. Co. of Am.*, 305 F.3d 789, 794 (8th Cir. 2002). "Substantial evidence is 'more than a scintilla but less than a preponderance.'" *Id.* (quoting *Schatz v. Mut. of Omaha Ins. Co.*, 220 F.3d 944, 949 (8th Cir. 2000)).

## VI. ANALYSIS

Plaintiffs argue the Plan Administrator abused its discretion when it denied benefits to W.C. Plaintiffs argue: (1) the decision was inconsistent with the goals of the Plan; (2) the decision was not supported by substantial evidence; (3) a conflict of interest existed between Sara Lee and the ERISA Committee; and (4) the provisions of the Plan and the Summary were confusing and violated ERISA's disclosure requirements. The court examines each of these arguments, in turn.

### A. *Whether Denial of Benefits was Consistent with Goals of the Plan*

Plaintiffs argue that the ERISA Committee's decision was unreasonable because it was inconsistent with the goals of the Plan. Plaintiffs contend that when W.C. "became eligible to be covered by the Plan on his date of birth," he "should have been provided medical benefits under the Plan beginning on that date." Opening Br. at 8-9. In support of their argument, Plaintiffs cite *Buttram v. Cent. States, Se. & Sw. Areas Health*, 76 F.3d 896 (8th Cir. 1996). Under *Buttram*, review of a plan administrator's decision requires

consideration of the following factors:

> (1) whether [the plan administrator's] interpretation is consistent with the goals of the [p]lan, (2) whether [the plan administrator's] interpretation renders any plan language meaningless or inconsistent, (3) whether [the plan administrator's] interpretation conflicts with the requirements of the ERISA statute, (4) whether [the plan administrator] [has] interpreted the words at issue consistently, and (5) whether [the plan administrator's] interpretation is contrary to the clear language of the [p]lan.

*Id.* at 901 (citing *Finley v. Spec. Agents Mut. Benefit Ass'n, Inc.*, 957 F.2d 617, 621 (8th Cir. 1992)).

The Plan's goal is to provide medical and health care benefits for eligible employees of Sara Lee and their eligible dependents. However, eligibility is not synonymous with enrollment. Merely being eligible for enrollment does not confer any benefits under the Plan. The Plan requires more; specifically, covered employees must enroll their eligible newborn dependents within thirty-one days of birth in order to receive retroactive medical coverage from the date of the eligible dependent's birth. At birth, W.C. became eligible to receive benefits under the Plan and could have been enrolled in the Plan had Plaintiffs attempted to contact the Sara Lee Benefits Center or the Administrative Committee within thirty-one days of W.C.'s birth. Instead, Plaintiffs waited until August 21, 2007—more than sixty days after W.C.'s birth—to make the requisite contact.

In light of the foregoing, the court finds that the ERISA Committee's denial of benefits to eligible, but un-enrolled, dependents is consistent with the goals of the Plan. The court finds that the ERISA Committee's decision to deny benefits to W.C. was consistent with the goals of the Plan.

### *B. Substantial Evidence for ERISA Committee's Decision*

Plaintiffs argue that the ERISA Committee's decision was not supported by substantial evidence. Plaintiffs describe the confusion they experienced following W.C.'s

13

birth and the fact that "[u]ntil August 14, 2007, [Plaintiffs] assumed W.C. was enrolled in the Plan." Opening Br. at 9-11. Plaintiffs allege that they were not "advised of Sara Lee's enrollment procedures" before W.C.'s birth or during the enrollment period, and that they did not have the phone number for the Sara Lee Benefits Center prior to August 14, 2007. *Id.* at 9-10. Plaintiffs allege that the incompetence of Sara Lee H.R. played a significant role in their confusion. Finally, Plaintiffs state that Tassie's conversations with Great-West served as a basis for Plaintiffs to assume that W.C. was enrolled in the Plan.

The court assesses the ERISA Committee's decision by considering "both the quantity and quality of evidence before a plan administrator." *Wise*, 429 F.3d at 1190 (citation omitted). The court "should be hesitant to interfere" with the decision. *Id.* The court "'must affirm if a reasonable person *could* have reached a similar decision . . . not that a reasonable person *would* have reached that decision.'" *Id.* at 1190 (quoting *Ferrari*, 278 F.3d at 807) (emphases in *Ferrari*).

Plaintiffs waited until August 21, 2007 to contact the Sara Lee Benefits Center about enrolling W.C. in the Plan. The ERISA Committee counted the number of days between W.C.'s birth on June 5, 2007 and the day Tassie contacted the Sara Lee Benefits Center, August 21, 2007. Because more than thirty-one days passed between June 5, 2007 and August 21, 2007, the ERISA Committee could not grant retroactive coverage according to the Plan.[1] Interactions between Plaintiffs and Sara Lee after the thirty-one day time window are simply not relevant to this analysis.

---

[1] The ERISA Committee referenced a sixty-day time window in its denial letter. Retroactive coverage can only be granted when a covered employee enrolls a newborn eligible dependent within thirty-one days of birth. However, if the covered employee enrolls his or her newborn eligible dependent after thirty-one days but before sixty days of birth, then coverage will begin on the date of enrollment. Because Plaintiffs only request retroactive coverage and because they did not contact the Sara Lee Benefits Center within sixty days of W.C.'s birth, the distinction between thirty-one and sixty days is not material to the court's decision.

Given the evidence available to the ERISA Committee at the time of its decision, the court finds that its decision to deny benefits to W.C. is supported by substantial evidence and that a reasonable person in the ERISA Committee's position could have reached the same or similar conclusion. Accordingly, the court declines to reverse and remand on this issue.

### *C. Conflict of Interest Between Sara Lee and ERISA Committee*

Plaintiffs argue that a conflict of interest exists between Sara Lee and the ERISA Committee and that the conflict "should be considered by the court in determining whether the plan administrator abused its discretion in this case." Opening Br. at 13. The Supreme Court determined that a conflict of interest is created when a plan administrator both determines whether an employee is eligible for benefits and then pays the benefits. *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2346 (2008). The Supreme Court further determined that "a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the significance of the factor will depend upon the circumstances of the particular case." *Id.* (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115). In discussing *Glenn*, the Eighth Circuit Court of Appeals noted:

> the existence of a conflict did not lead the [Supreme] Court to announce a change in the standard of review. We are to review an administrator's discretionary benefit determination for abuse of discretion. The [Supreme] Court concluded that a conflict should be weighed as a factor in determining whether there is an abuse of discretion.

*Wakkinen v. UNUM Life Ins. Co. of Am.*, 531 F.3d 575, 581 (8th Cir. 2008) (citation and quotation omitted).

In accordance with *Glenn*, the court considers the conflict of interest between Sara Lee and the ERISA Committee. After reviewing the evidence, the court finds that the factors in this case are not closely balanced and that the conflict of interest does not

15

outweigh the ERISA Committee's decision and tip the scales in favor of Plaintiffs. Furthermore, Plaintiffs offer no evidence that the ERISA Committee has a history of biased claims decisions or that the conflict of interest likely affected the decision to deny benefits to W.C. Rather, the ERISA Committee's decision was based on Plaintiffs' failure to adhere to the Plan's provisions concerning the enrollment deadlines for newborn eligible dependents.

### *D. Compliance with ERISA Disclosure Requirements*

Plaintiffs argue that the "[Summary] is deficient in explaining the enrollment requirements and therefore violates ERISA's disclosure requirements[.]" The statute governing summary plans, 29 U.S.C. § 1022(a), provides, in relevant part:

> A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries. . . . The summary plan . . . shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan.

At all relevant times, the Summary was published and available to Plaintiffs. With regard to enrollment requirements, the Summary repeats the need for covered employees to "add," "enroll," "request enrollment," or "provide any necessary dependent information" for their newborn eligible dependents. A.R. at 150-151 & 166. The Summary also instructs participants to direct their questions about enrollment to the Administrative Committee or the Sara Lee Benefits Center and provides contact information for both. The Summary specifically instructs participants to enroll their newborn dependents "through the Sara Lee Benefits Center." *Id*. at 198. Most significant, however, are the multiple references the Summary makes to the thirty-one day time window for the enrollment of eligible newborn dependents.

The law requires only that the average plan participant be able to understand a plan

16

summary. The multiple references to the thirty-one day time window would alert an average participant to the need to take some action within thirty-one days of the birth of a child. Furthermore, the above-quoted directions indicate that the participant must take some action, and that the enrollment of a covered employee's eligible newborn dependent is contingent upon contacting the Administrative Committee or the Sara Lee Benefits Center. Contacting the Administrative Committee, the Sara Lee Benefits Center or Sara Lee H.R. within thirty-one days after W.C.'s birth would likely have resulted in W.C.'s enrollment. However, for over sixty days after W.C.'s birth, Plaintiffs did nothing to ensure that W.C. was properly enrolled in the Plan.

For the foregoing reasons, the court finds that the Summary complies with the ERISA disclosure requirements of 29 U.S.C. § 1022(a). Accordingly, the court declines to reverse and remand on this basis.

### E. Whether Sara Lee and Great-West are Proper Parties

Defendants argue that Sara Lee and Great-West are not proper parties to the instant action because they did not control the administration of the Plan. The proper defendant in an ERISA benefits action "'is the party that controls administration of the plan.'" *Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998) (quoting *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997)). Plaintiffs argue that Sara Lee and Great-West are proper parties because their activities are intertwined with the other Defendants and because certain correspondence between Sara Lee, Great-West and Plaintiffs related to ERISA benefits. However, Plaintiffs have failed to point to any evidence suggesting that Sara Lee or Great-West had any influence over the decision to award or deny benefits; therefore, their claims against these Defendants must fail. *Id.* at 1249-50.

### F. Summary

In summary, the court finds that the Plan Administrator's decision to deny

retroactive coverage to W.C. is supported by substantial evidence. Accordingly, the denial of benefits was not an abuse of discretion.

### VII. CONCLUSION

In light of the foregoing, **IT IS ORDERED THAT**:

(1) Defendants Sara Lee and Great-West are **DISMISSED** from the instant action;

(2) The Plan Administrator's decision to deny benefits is **AFFIRMED**;

(3) The Clerk of Court is **DIRECTED** to enter Judgment in favor of Defendants; and

(4) The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED** this 27th day of July, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA